

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

   Plaintiff,

v.

Mary McKinney,

   Defendant.

_____/

Case No. 5:25-cr-20435

Hon. Judith E. Levy

# Plea Agreement

The United States of America and the defendant, Mary McKinney, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Count of Conviction

The defendant will plead guilty to Count 2 of the Indictment. Count 2 charges the defendant with Theft of Government Funds under 18 U.S.C. § 641.

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the count to which she is pleading guilty carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | 10 years |
| | Fine: | $250,000.00 |
| | Term of supervised release: | 3 years |

There are no statutory minimum penalties for this count of the Indictment.

## 3.    Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes a sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the Indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Count 1 of the Indictment, which charges the defendant with Wire Fraud under 18 U.S.C. § 1343, Count 3 of the Indictment, which charges the defendant with Receipt of Stolen Government Funds under 18 U.S.C. § 641, and Count 4 of the Indictment, which charges the

defendant with Social Security Benefit Fraud under 42 U.S.C. § 408(a)(4).

**4.    Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes a sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional fraud charges against the defendant for the conduct reflected in the factual basis of this plea agreement.

**5.    Elements of Count of Conviction**

The elements of Count 2 are:

1. The money or property described in the Indictment belonged to the United States or one of its Agencies;

2. The defendant embezzled, stole, purloined, or converted the money or property to her own use or to someone else's use;

3. The defendant acted knowingly and willfully with the intent to deprive the owner of the use or benefit of the money or property; and

4. The value of the money or property was greater than $1,000.

**6.    Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

Beginning in or around September 2014, and continuing through in or around July 8, 2020, in the Eastern District of Michigan, Southern Division, the defendant, Mary McKinney, did knowingly and willfully embezzle, steal, purloin, and convert to her use money of the Social Security Administration (SSA), a department or agency of the United States, to wit: Social Security Act, Title II, Retirement Insurance Benefits to which she was not legally entitled, having a value of $121,623.00.

The benefits described above were monies erroneously paid out by the Social Security Administration to the defendant's then-deceased mother on a monthly basis for approximately six years following her mother's death. The benefits were paid by direct deposit to a joint credit union account in the names of the defendant's parents. The defendant converted the monies by writing checks from the account (forging her mother's signature in the process), using a debit card linked

to the account to make point-of-sale purchases at various local businesses and online retailers, and making telephone and online bill payments.

In or around December 2015, the direct deposit instructions for the defendant's mother's Social Security benefits were changed to a credit union account in the defendant's name.  The defendant continued to convert the benefits by making in-person and ATM cash withdrawals and debit card purchases from her account.

The defendant converted these benefit monies to her own use with full knowledge of the fact that (1) she was not legally entitled to the money, and (2) the money was the property of the SSA.

## 7.    Advice of Rights

The defendant has read the Indictment, has discussed the charges and possible defenses with her attorney, and understands the crime charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.     The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.     The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.     The right to confront and cross-examine adverse witnesses at trial;

F.     The right to testify or not to testify at trial, whichever the defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

**8.     Collateral Consequences of Conviction**

The defendant understands that her conviction here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her conviction

here may require her to be removed from the United States, denied
citizenship, and denied admission to the United States in the future.
The defendant further understands that the additional consequences of
her conviction here may include, but are not limited to, adverse effects
on the defendant's immigration status, naturalized citizenship, right to
vote, right to carry a firearm, right to serve on a jury, and ability to hold
certain licenses or to be employed in certain fields. The defendant
understands that no one, including the defendant's attorney or the
Court, can predict to a certainty what the additional consequences of
the defendant's conviction might be. The defendant nevertheless affirms
that the defendant chooses to plead guilty regardless of any
immigration or other consequences from her conviction.

9.    **Defendant's Guideline Range**

    A.    **Court's Determination**

The Court will determine the defendant's guideline range at
sentencing.

    B.    **Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal
Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offense to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

## C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- § 2B1.1(a)(2) – Base Offense Level: 6

- § 2B1.1(b)(1)(E) – Loss between $95,000 and $150,000 (Increase offense level by 8)

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 10.   Imposition of Sentence

### A.   Court's Obligation

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.   Imprisonment

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

#### 2.   No Right to Withdraw

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if

Page **10** of **17**

the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a two-year term of supervised release.

#### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

**D.     Fines**

The parties have no agreement as to a fine.

**E.     Restitution**

The Court must order restitution to every identifiable victim of the defendant's offense. The parties agree that the victim and the full amount of restitution in this case, are as follows:

**Social Security Administration       $121,623.00**

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining her ability to pay restitution. The defendant

agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.     Special Assessment

The defendant understands that she will be required to pay a special assessment of $100.00, due immediately upon sentencing.

## 11.   Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. The defendant also waives any right she may have to appeal her sentence on any grounds, unless her sentence of imprisonment exceeds the top of the guideline range as determined by the Court.

## 12.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly

files a motion under that section. The defendant, however, waives any

other right she may have to challenge her conviction or sentence by

collateral review, including, but not limited to, any right she may have

to challenge her conviction or sentence on any grounds under 28 U.S.C.

§ 2255 (except for properly raised ineffective assistance of counsel or

prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241,

or Federal Rule of Civil Procedure 59 or 60.

**13.    Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw her guilty plea or breaches

this agreement, or if the Court rejects this agreement, or if the

defendant's conviction or sentence under this agreement is vacated, the

government may reinstate any charges against the defendant that were

dismissed as part of this agreement and may file additional charges

against the defendant relating, directly or indirectly, to any of the

conduct underlying the defendant's guilty plea or any relevant conduct.

If the defendant has been permitted to plead guilty to a lesser-included

offense, the government may also reinstate any charges or file any

additional charges against the defendant for the greater offense, and

the defendant waives her double-jeopardy rights with respect to the

greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 14.   Use of Withdrawn Guilty Plea

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 15.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 16.   Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the

subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement.

This plea agreement also does not prevent any civil or administrative actions against the defendant—including but not limited to the withholding of current or future Social Security Disability Insurance, Retirement Insurance, Survivor's Insurance, or Supplemental Security Income ("SSI") benefits otherwise payable to the defendant—or any forfeiture claim against any property, by the United States or any other party.

## 17.   Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on September 2, 2025.

The government may withdraw from this agreement at any time before the defendant pleads guilty.

JEROME F. GORGON JR.
United States Attorney

John K. Neal
Assistant United States Attorney
Chief, Anti-Corruption Unit

Corinne M. Lambert
Special Assistant U.S. Attorney

Dated: August 1, 2025

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney ,and is satisfied with her attorney's advice and representation.

Brandy Y. Robinson
Attorney for Defendant

Mary McKinney
Defendant

Dated: 09/24/25